**In the Matter of Sarah Isa MOHSEN, a minor.**

**Isa Yousif MOHSEN, Petitioner,**

v.

**Leann Fleetwood MOHSEN, Respondent.**

**No. C89–0147J.**

United States District Court, D. Wyoming.

July 7, 1989.

to arbitrate based on the letter the company sent to the union.

John M. Scorsine, Rock Springs, Wyo., for petitioner.

Marvin L. Tyler, Rock Springs, Wyo., for respondent.

## ORDER DISMISSING PETITION

JOHNSON, District Judge.

In this action under the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.*, the petitioner, Isa Yousif Mohsen, seeks the return of his child, Sarah, who presently is in the exclusive custody of her natural mother, Leann Fleetwood Mohsen, the petitioner's wife. Mr. Mohsen is a citizen of the country of Bahrain. His wife is a citizen of the United States. They were married in this country in 1987 and lived together in Bahrain until May 22, 1989. Sarah Isa was born to the Mohsens in Bahrain on October 29, 1987.

The Mohsens came to the United States on May 22, 1989, evidently to visit Mrs. Mohsen's parents, who reside in Rock Springs, Wyoming. After arriving in this country, Mrs. Mohsen informed her husband of her intention to divorce him. She has since been residing with her parents and has refused to allow her husband to visit their child.

In 1986 the United States ratified the Hague Convention on the Civil Aspects of International Child Abduction.[1] The enabling legislation giving force to this convention was enacted shortly thereafter as the International Child Abduction Act, Pub. L. No. 100–300 § 1, 102 Stat. 437 (1988) (codified at 42 U.S.C. §§ 11601–11610). The Convention's goal is to curb international abductions of children by divorced or divorcing parents by providing judicial remedies to those seeking the return of a child who has been wrongfully removed or retained within the meaning of the Convention. See Chap. I, Art. 1. Wrongful removal or retention occurs where:

> a. It is in breach of rights of custody attributed to a person, an institution, or any other body, either jointly or alone, under the law of the state in which their child was habitually resident immediately before the removal or retention; and
>
> b. At the time of removal or retention those rights were actually exercised either jointly or alone or would have been so exercised but for the removal or retention.
>
> The rights of custody mentioned in subparagraph a. above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that state.

Chap. I, Art. 3. The petitioner now seeks the return of his daughter under the Convention. He has filed his petition under 42 U.S.C. § 11603(b) which, as part of the enabling legislation ratifying the Hague Convention, provides as follows:

> Any person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed.

The respondent has moved to dismiss the petition, arguing that the petitioner has no rights under this statute because Bahrain is not a signatory to the Convention. Alternatively, she argues that the statute has no application because there has been no wrongful removal or retention of her daughter. In response, the petitioner asserts that he has rights under the Interna-

---

**1.** Hague Conference on Private International Law, Final Act of the Fourteenth Session, October 25, 1980. 51 Fed.Reg. 10498 (1980).

tional Child Abduction Remedies Act because the Act "stands alone from the Convention." Petitioner's brief at 4.

The Convention, which is given force in this country by the International Child Abduction Remedies Act, provides that it "shall apply to any child who was habitually resident in a *contracting state* immediately before any breach of custody or access rights." Chap. II, Art. 4 (emphasis added). "The convention [also] ... cease[s] to apply when the child attains the age of 16 years." *Id.* All parties to this action agree that Sarah was habitually resident in Bahrain immediately before coming to this country. All parties further concede that Bahrain is a nonsignatory, or a "noncontracting state" to the Hague Convention. In light of the fact the petitioner's daughter was last habitually resident in Bahrain, a noncontracting state, the court concludes that the petitioner has no rights under the Convention and is therefore not entitled to seek redress under its remedial provisions. As a nonsignatory to the Convention, Bahrain has no obligation to reciprocate by affording similar rights to the respondent, in the event she found herself in a Bahrainian court trying to secure the return of Sarah from that country.[2] By providing rights only when a child was habitually resident in a contracting state, the Convention creates an incentive for all nations to become signatories.

The petitioner, however, argues that the Act implementing the Convention actually stands alone. The court disagrees. The court finds that the Act in itself provides no substantive rights. The Act plainly states that it "empower[s] courts in the United States to determine *only rights under the Convention...."* 42 U.S.C. § 11601(b)(4).[3] Thus, the Act is a procedural mechanism allowing a petitioner access to those remedies provided under the Con-

vention. Although it is true that the Act allows a petitioner to seek remedies available under other laws or international agreements, aside from the Convention, this is not the same as saying the Act gives rights under the Convention to those seeking the return of a child who is habitually resident in a noncontracting state prior to that child's abduction. At a minimum, a petitioner may seek remedies under the Convention where the requirements of Chapter I, Article 3 have been satisfied. Because the court finds that the petitioner has no rights under the Act, the court need not address what it perceives are evidentiary issues related to alleged wrongful removal or retention.

NOW THEREFORE IT IS ORDERED that the petition be, and the same hereby is, DISMISSED.

---

**2.** Counsel for neither party provided the court with the child custody laws of Bahrain. The court, however, was given an inkling of the nature of those laws when counsel for the petitioner informed the court that his client has obtained an order from a court in Bahrain allegedly awarding the petitioner custody of his daughter. Evidently this was done without a

hearing and without any notice being provided to the respondent.

**3.** Under the Act, the court has power to fashion provisional remedies. 42 U.S.C. § 11604(a). However, these remedies are provisional and are only for the purpose of effectuating or fashioning a remedy under the Convention.